STATE OF CONNECTICUT *v.* JAMES KRISTY
(7771)

BORDEN, DALY and NORCOTT, Js.

Argued November 7, 1989—decision released January 16, 1990

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, were *Mary Galvin,* state's attorney, and *Mark Hurley,* deputy assistant state's attorney, for the appellant (state).

*Timothy H. Everett,* with whom were *Michael R. Sheldon* and *Christine Curtiss,* certified legal intern, and, on the brief, *Todd Fernow,* for the appellee (defendant).

NORCOTT, J. The state appeals, with the permission of the trial court, from the judgment of the court granting the defendant's motion to dismiss the information on double jeopardy grounds. On appeal, the state argues that the trial court erred in concluding that the institution of this second prosecution against the defendant violated his constitutional protection against successive prosecutions for the same offense. We find no error.

The following facts are relevant to this appeal. On December 21, 1983, at approximately 9:45 p.m., the defendant, while accompanied by four passengers, was operating a motor vehicle on the Boston Post Road in Milford. The defendant failed to negotiate a turn at the intersection of West Street and the Boston Post Road, and lost control of the vehicle causing it to slide and then collide with a telephone pole and guard rail. It was later determined that the speed of the defendant's vehicle at the time of the accident was 61.6 miles per hour and that the defendant had been drinking prior to the accident. Two of the passengers died as a result of the crash.

At the first trial, the defendant was charged with two counts of manslaughter in the second degree with a motor vehicle while intoxicated in violation of General Statutes § 53a-56b (a).[1] At the close of the trial, the trial court instructed the jury, at the state's request, on the purported "lesser included offense" of misconduct with a motor vehicle in violation of General Statutes

---

[1] General Statutes § 53a-56b provides: "MANSLAUGHTER IN THE SECOND DEGREE WITH A MOTOR VEHICLE: CLASS C FELONY. (a) A person is guilty of manslaughter in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes the death of another person as a consequence of the effect of such liquor or drug."

§ 53a-57 (a).[2] The jury subsequently returned a verdict of guilty of two counts of misconduct with a motor vehicle.

Thereafter, the defendant appealed to this court, arguing that because misconduct with a motor vehicle was not a lesser included offense of manslaughter in the second degree with a motor vehicle while intoxicated, his conviction of that crime violated his constitutional right to be apprised of the charges against him. We agreed, reversed the convictions, and remanded the case with direction to render judgment of not guilty to the charge of manslaughter in the second degree with a motor vehicle while intoxicated. See *State* v. *Kristy*, 11 Conn. App. 473, 481–85, 528 A.2d 390, cert. denied, 206 Conn. 801, 535 A.2d 1315 (1987) (*Kristy I*).

After our decision in *Kristy I*, the state charged the defendant with two counts of misconduct with a motor vehicle arising out of this same incident. On April 18, 1988, the defendant filed a motion to dismiss on double jeopardy grounds. On September 20, 1988, the defendant entered a plea of guilty to both counts of the information, and the case was continued until October 20, 1988, for a presentence investigation. On that date, the defendant filed a supplemental memorandum in support of his motion to dismiss on double jeopardy grounds dealing primarily with this court's decision in *State* v. *Lonergan*, 16 Conn. App. 358, 548 A.2d 718 (1988), aff'd, 213 Conn. 74, 566 A.2d 677 (1989). Thereafter, on November 15, 1988, the state filed a memorandum in opposition to the defendant's motion to dismiss. On November 23, 1988, the court, *Gray, J.*, heard oral argument on the motion and continued the hearing until

[2] General Statutes § 53a-57 provides: "MISCONDUCT WITH A MOTOR VEHICLE: CLASS D FELONY. (a) A person is guilty of misconduct with a motor vehicle when, with criminal negligence in the operation of a motor vehicle, he causes the death of another person."

January 5, 1989, so that the parties could submit additional briefs addressing *Lonergan* and so that the state could determine whether it would be relying upon the same evidence for the second prosecution.

At the hearing on January 5, 1989, the court reviewed the defendant's supplemental memorandum[3] and ascertained from the state that it planned to rely upon the same evidence in the second prosecution. The court, relying on our decision in *Lonergan,* vacated the defendant's guilty pleas and granted the defendant's motion to dismiss on double jeopardy grounds. This appeal ensued. The defendant now contends that the Supreme Court's recent resolution of the appeal in *State* v. *Lonergan,* 213 Conn. 74, 566 A.2d 677 (1989), is dispositive of this case and requires that we affirm the trial court's action in this case. We agree.

In *Lonergan,* our Supreme Court adopted the test, initially applied in that case by this court, that in successive prosecutions, " 'if the same evidence offered to prove a violation of the offense charged in the first prosecution is the sole evidence offered to prove an element of the offense charged in the second prosecution, then prosecution of the second offense is barred on double jeopardy grounds, regardless of whether either offense requires proof of a fact that the other does not.' *State* v. *Lonergan,* supra, [16 Conn. App. 358,] 368." *State* v. *Lonergan,* supra, 213 Conn. 74, 92.[4] Here, the state concedes, as it did in *Lonergan,* that the present prosecution arises out of the same transaction as did the prior prosecution and that the state will rely on the

---

[3] The court noted that the state had filed no memorandum.

[4] In *State* v. *Lonergan,* 213 Conn. 74, 92, 566 A.2d 677 (1989), our Supreme Court, applying this test, held that the prosecution of the defendant for operating a motor vehicle while under the influence of liquor or drugs, which followed his acquittal in a prior trial of the charge of manslaughter in the second degree with a motor vehicle while intoxicated, violated the double jeopardy clause.

same evidence this second time. Nevertheless, it argues that the second prosecution does not violate the double jeopardy protection because *Lonergan* is distinguishable from this case.[5] The essence of the state's argument is that in *Kristy I,* unlike *Lonergan,* the state obtained a jury conviction, albeit on an erroneous basis, and that conviction was later successfully appealed. Arguing that retrial after a successful appeal of previously litigated matters does not offend double jeopardy rights, the state cites *Ball* v. *United States,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896),[6] for the proposition that the successive prosecution here does not involve a double jeopardy analysis. We are not persuaded by this argument.

In *Kristy I,* the *acquittal* on the charges of manslaughter in the second degree, not the *conviction* on the erroneously charged misconduct counts, is the proper judgment on which we must focus our attention for the purposes of our double jeopardy analysis. In *Kristy I,* had the trial court not instructed the jury, at the state's request, on misconduct with a motor vehicle as a "lesser included offense," and had the jury acquitted the defendant of manslaughter with a motor vehicle while intoxicated, as it actually did, the state

[5] We note that, at the time of oral argument in this court, the Supreme Court's decision in *State* v. *Lonergan,* 213 Conn. 74, 566 A.2d 677 (1989), had not yet been released. At oral argument, however, the state argued that if affirmed, the *Lonergan* case would be *distinguishable* from the present case, but, if reversed, *Lonergan* would be *undistinguishable* and dispositive.

[6] The case of *Ball* v. *United States,* 163 U.S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896), dealt with a fatally defective indictment from which a guilty verdict was obtained. The defendants successfully appealed, and the guilty verdicts were overturned. When the state corrected the defects and reprosecuted the defendants for the same crime, the United States Supreme Court held that the defendants' double jeopardy rights were not violated because they waived those rights by appealing from the convictions. The state argues that *Ball* stands for the proposition that whenever a defendant successfully challenges on appeal a jury's verdict of guilt, on retrial, double jeopardy conditions are not at play.

would now be barred under *Lonergan* from reprosecuting the defendant for misconduct with a motor vehicle. Having obtained an improper conviction because of the erroneous jury charge in *Kristy I,* the state would enjoy an unjust benefit if we were to allow it to reprosecute the defendant on the same charges in a second trial.

We note that the state correctly draws our attention to a footnote in *Kristy I* suggesting that there would be no double jeopardy bar to the reprosecution of the defendant for misconduct with a motor vehicle. See *Kristy I,* supra, 483–84 n.6. This court, of course, did not have the benefit of the Supreme Court's recent *Lonergan* decision. In light of that decision, the footnote language in *Kristy I* to which the state refers, has been superseded by the Supreme Court's decision in *Lonergan.*

There is no error.

In this opinion the other judges concurred.